# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2:11-cr-0134 |
| vs. | ) | |
| | ) | |
| THOMAS D. TUKA | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently pending before the Court is the MOTION IN LIMINE TO COMPEL THE GOVERNMENT TO PROVIDE DEFENDANT WITH A STATEMENT OF UNCHARGED MISCONDUCT EVIDENCE filed by Defendant Thomas D. Tuka (Document No. 44), the RESPONSE filed by the government (Document No. 47), and the REPLY filed by Defendant (Document No. 52). On September 18, 2012, the Court heard oral argument from counsel, in the presence of Defendant Thomas D. Tuka. All counsel presented and argued the issues skillfully and effectively. The matter is now ripe for disposition.[1]

Defendant requests that the government provide him with a description of any evidence under Rules 404(b) and/or 609 which it intends to use against him at trial and the purported purpose and relevance of such evidence.

The government responds that it "believes that the primary issue at trial will be whether defendant's actions were willful." Br. at 2. Therefore, on the issue of willfulness, the government seeks to introduce three (3) specific categories of evidence: (i) Defendant's federal tax return history for non-prosecution years; (ii) Defendant's Pennsylvania tax return history; and

---

[1] The parties are reminded that "[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States,* 469 U.S 38, 41 (1984). Thus, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id*. at 41.

(iii) Defendant's participation in tax protest activities, which the Court will address seriatim.[2] Because the government has provided Defendant with a statement of uncharged misconduct which it intends to offer into evidence at trial, the Motion filed by Defendant is **GRANTED**. In its response, however, the government asks the Court for an order permitting it to introduce the evidence it has identified pursuant to Federal Rule of Evidence 404(b). That request will be **GRANTED in part AND HELD IN ABEYANCE IN PART** as discussed *infra*.

## Discussion

According to the government, its requests must be analyzed under Rule 404(b) as the evidence does not appear to meet the definition of "intrinsic evidence" as defined in *United States v. Green*, 617 F.3d 233 (3d Cir.), *cert. denied*, 131 S. Ct. 363 (2010). The Court agrees.

Evidence of a criminal defendant's uncharged conduct, including crimes, wrongs or other acts, may be admissible if the evidence is intrinsic to the charged offense; or the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See id.* In *United States v. Green*, the United States Court of Appeals for the Third Circuit explained that "evidence is intrinsic if it 'directly proves' the charged offense" or are "uncharged acts performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49 (internal quotation marks and citations omitted). This type of evidence is admissible without the need for the prosecution to provide notice to the defendant before trial or for the court to provide limiting instructions to the jury during trial. *Id.* at 247. Thus, as a practical matter, "[a]ll that is accomplished by labeling evidence 'intrinsic' is relieving

---

[2] During the argument held on September 18, 2012, counsel for the government advised the Court that he consented to withdrawing his request to seek the introduction of Defendant's Pennsylvania tax return history. Therefore, this category will not be addressed by the Court.

2

the Government from providing a defendant with the procedural protections of Rule 404(b)." *Id.* at 248.

Even if the evidence is not "intrinsic," it may still be admissible under Rule 404(b). Rule 404(b) provides, in relevant, part that: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character;" however, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Repeatedly, our court of appeals has observed that Rule 404(b) is "inclusionary" in that it states a "general rule of admissibility, subject to a single exception—evidence of other wrongful acts was admissible so long as it was not introduced solely to prove criminal propensity." *Id.*

To be admissible under Rule 404(b), "other acts" evidence "must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it. *Id.* (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001)). This approach mirrors that of the United States Supreme Court. *See Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

Here, Defendant's tax return history for non-prosecution years and alleged participation in "tax protest" activity does not fit the definition of "intrinsic evidence." By the government's own admission, these acts neither provide direct proof that Defendant willfully engaged in tax evasion in violation of 26 U.S.C. § 7201 nor constitute uncharged acts performed contemporaneously with the charged crime that facilitated its commission. Therefore, the government seeks to introduce this evidence, pursuant to Federal Rule of Evidence 404(b), to show motive, intent, plan, knowledge and absence of mistake. The government contends that

this evidence is relevant under Rule 404(b), but not unfairly prejudicial so as to warrant exclusion under Rule 403.

## I.  Defendant's History Re Federal Tax Returns

The government seeks to offer evidence which consists of Defendant's prior federal tax returns (1991 - 1999), his subsequent failure to file such returns (2000-2002), correspondence with the IRS, and litigation in the Tax Court and Court of Appeals for the Third Circuit with regard to his claim that disability payments he received were legitimately excluded from gross income, filed false returns (showing no wages) in 1998 and 1999.  The government also intends to introduce a 2003 Form 1040 which Defendant prepared and submitted to Gettysburg College - but did not file with the IRS - in order to obtain student aid for his child who was enrolled there.

A.  <u>Tax Returns</u>

Our court of appeals has expressly noted, "a defendant's past taxpaying record is admissible to prove willfulness circumstantially" in cases which involve violation of federal tax laws such as tax evasion.  *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) (citations and quotation marks omitted).   Accordingly, the government's request to offer evidence of Defendant's prior federal tax returns (1991 - 1999) and his subsequent failure to file such returns (2000-2002) is **GRANTED**.  Additionally, the government's request to offer evidence that Defendant prepared and submitted a Form 1040 in 2003 to Gettysburg College, but failed to submit the return to the IRS is **GRANTED**.

B.  Correspondence with the IRS

The government seeks to introduce correspondence between the Defendant and the IRS from the time period January 21, 2004 through November 15, 2004, in which the issue of whether Defendant owed taxes for 1999 and 2000 was discussed.   During the oral argument, counsel for Defendant conceded that this correspondence was "probably relevant" as these reflect "taxpayer" interaction with the IRS.  The Court finds that this evidence is relevant to show intent, knowledge, or willfulness, as well as supplying helpful background information to the finders of fact.  Thus, this evidence appears to be admissible with a proper foundation.  Further, the Court finds that the probative value of this evidence is not substantially outweighed by unfair prejudice.  Accordingly, the government's request to introduce correspondence between the Defendant and the IRS  from the time period January 21, 2004 through November 15, 2004 is **GRANTED.**

The government also seeks to introduce three (3) additional pieces of correspondence, two from April 2006 and one from March 2007, in all of which the IRS is attempting to make contact with Defendant to verify his address in 2003.  At this time, the Court will **HOLD IN ABEYANCE** ruling on these three (3) pieces of correspondence.


C.  Litigation in Tax Court

On January 6, 2003, the United States Tax Court issued an opinion in which it rejected Defendant's argument that the disability payments he received were legitimately excluded from his gross income. *Tuka v. Commissioner of Internal Revenue*, 120 T.C. No. 1 (U.S.Tax Ct. Jan. 6, 2003), *aff'd*, 85 Fed. Appx. 875 (table) (3d Cir. 2003).  Defendant acknowledges that the

litigation in Tax Court regarding his claim that his disability income was excluded from gross income is admissible.   See Def's Reply at ¶ 12.  Accordingly, the government's request to introduce evidence of this litigation is **GRANTED**.

## II.  Alleged Tax Protester Activity

Our appellate court has also held that willfulness may be proven circumstantially "through the evidence of Defendants' tax protester activities." *United States v. McKee*, 506 F.3d 225, 237 (3d Cir. 2007) (citing, *inter alia, United States v. Turano*, 802 F.2d 10, 11-12 (1st Cir. 1986)) (defendant's statements and actions at "tax protestor" meetings useful to establish state of mind).

The government seeks to introduce a myriad of evidence, all of which reflects Defendant's alleged attitude toward the IRS, including, *inter alia*, (i) various letters in which Defendant states he did not make enough income to require filing returns; (ii) requests with disability-benefits payors not to withhold federal income tax from his payments; (iii) Defendant's refusal to sign a W-4 form or to serve tax delinquent notices, while employed as a Beaver County deputy sheriff; (iv) Defendant's acquisition of anti-tax magazines / publications; (v)  Defendant's purchase of vehicles in the nominee name of an offshore trust; and (vi) Defendant's advice to others with regard to avoiding paying taxes.

All of this information may have a proper evidentiary purpose, such as demonstrating "willfulness" circumstantially and supplying helpful background information to the finders of fact.  Additionally, as the court of appeals has made clear, evidence of a defendant's "tax protestor" activities and possible animosity toward the IRS are relevant with regard to Defendant's knowledge, if any, of the filing requirements and whether he willfully filed false

returns during the charged years. *See Daraio*, 445 F.3d at 256; *United States v. McKee,* 506 F.3d 225, 237 (3d Cir. 2007).

It appears likely that the government will have little difficulty being able to establish the evidentiary foundations for this evidence and thus, this evidence appears to be admissible with a proper foundation. But without knowing the particulars of the evidentiary foundations, the Court **will HOLD IN ABEYANCE** its decision until such time as the evidence is proffered at trial.

### III. Federal Rule of Evidence 609

Defendant also requests notice of any evidence the government will offer at trial pursuant to Federal Rule of Evidence 609. The government responds that it "has no such evidence pertaining to defendant." Resp. at 1, n.1.

### IV. Government's Request for Reciprocal Discovery

The Court notes that during the oral argument, counsel for the government made a request for reciprocal discovery subject to disclosure pursuant to Federal Rule of Criminal Procedure 16(b)(1), to which counsel for Defendant consented.

So **ORDERED** this 18th day of October, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Leo M. Dillon
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Peter R. Moyers
Assistant Federal Public Defender
Email: peter_moyers@fd.org

W. Penn Hackney,
Assistant Federal Public Defender
Email: penn_hackney@fd.org